IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

BERYL HANKERSON,

 Plaintiff,

vs.

CIVIL ACTION NO.: CV212-097

SOUTHEAST GEORGIA
HEALTH SYSTEM,

 Defendant.

## ORDER

Defendant filed a Motion to Compel and an Amended Motion to Compel seeking an order from the Court instructing Plaintiff to properly respond to Defendant's First Interrogatories and Defendant's First Request for Production of Documents. Defendant asserts that Plaintiff's responses to certain interrogatories and certain requests for production of documents were incomplete. Defendant also requests an award of attorney's fees and costs associated with the filing of the instant Motion. Finally, Defendant requests a 60-day extension of the discovery period with follow-up deadlines to also be adjusted accordingly. Plaintiff filed a Response wherein she stated that Defendant's Motion should be denied because she timely responded to Defendant's discovery.

As a general rule, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.] For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.

AO 72A
(Rev. 8/82)

Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

## I. Interrogatory number 1

Interrogatory number 1 seeks the names of all of Plaintiff's past and present employers; her job titles and duties; her supervisors' names and job titles; dates of employment; salaries, wages, or commissions earned; and her reasons for leaving each job. Plaintiff initially objected asserting that the interrogatory is overly broad and unduly burdensome; however, she also stated that she was employed by Defendant for over 21 years, that she has been employed by U.S. Accuscreen, and that she has worked at Belks on a part-time basis for about 15 years. Plaintiff later supplemented that response stating that she began working part-time at Belks in 1997 and that she started working at U.S. Accuscreen on October 12, 2011. Plaintiff filed a second supplement to her interrogatory responses as an attachment to her Response to the instant Motion. In that document Plaintiff states that her position at Belk's is a sales associate and her supervisor is Donna Woodard. Plaintiff also states that her position at U.S. Accuscreen is billing specialist and her supervisor is Cindy Wentland.

Plaintiff's response is still incomplete. The undersigned does not find Interrogatory number 1 to be overly broad or unduly burdensome. Plaintiff is required to fully respond to Interrogatory number 1 in accordance with Federal Rule of Civil Procedure 33. See FED. R. CIV. P. 33.

AO 72A
(Rev. 8/82)

## II. Interrogatory number 6

Interrogatory number 6 seeks information about the amounts and sources of all income received by Plaintiff's household from January 1, 2010, to the present. Plaintiff initially objected asserting that the interrogatory does not seek relevant information nor is it reasonably calculated to lead to the discovery of relevant information; however, she also stated that she worked for Defendant until she was terminated and has subsequently been employed by U.S. Accuscreen. Plaintiff also stated that she receives income from her part-time job with Belk Hudson and that her husband previously worked for Bayer. Plaintiff further stated that she received unemployment compensation from Defendant. Plaintiff later supplemented that response providing information about her compensation from U.S. Accuscreen and from Belks in 2011. In Plaintiff's second supplement to her interrogatory responses, attached to her Response to the instant Motion, Plaintiff states that she earned approximately $9,000 to $10,000 at Belks in 2010 and that she earned $33,201 at U.S. Accuscreen in 2012.

Plaintiff's response is still incomplete. The undersigned finds Interrogatory number 6 to be, at minimum, reasonably calculated to lead to the discovery of admissible evidence, especially in relation to Plaintiff's claim for back pay. Plaintiff is required to fully respond to Interrogatory number 6 in accordance with Federal Rule of Civil Procedure 33. See FED. R. CIV. P. 33.

## III. Interrogatory number 7

Interrogatory number 7 seeks information regarding any events like disease, injury, health deterioration, accident, addiction, or mental instability which have affected Plaintiff and the names and addresses of all treating physicians, mental health or other

AO 72A
(Rev. 8/82)

health care professionals, and dates of treatment. Plaintiff initially objected asserting that the interrogatory is vague and indefinite; however, Plaintiff also stated that she had taken time off work with Defendant for health reasons and that she suffered distress after returning to work with Defendant. Plaintiff also stated that she saw her physician, Dr. Shirley Wilson, who prescribed Wellbutrin. Plaintiff stated that she suffered further distress from being wrongfully terminated. Plaintiff later supplemented that response stating that she suffered from great emotional distress about the way she was treated by Defendant. In Plaintiff's second supplement to her interrogatory responses, attached to her Response to the instant Motion, Plaintiff states that she saw Dr. Wilson but that she does not recall the dates that she received medical treatment.

Plaintiff's response is still incomplete. The undersigned does not find Interrogatory number 7 to be vague and indefinite, as Defendant clearly delineated the information sought. Plaintiff is required to fully respond to Interrogatory number 7 in accordance with Federal Rule of Civil Procedure 33. See FED. R. CIV. P. 33.

## IV. Interrogatory number 8

Interrogatory number 8 seeks the names and addresses of all health and mental health providers visited by Plaintiff from January 1, 2007, to the present and the purpose of the visits and the nature of the treatments received. Plaintiff initially objected asserting that the interrogatory is overly broad and unduly burdensome; however, she also stated that she has been treated by Dr. Shirley Wilson, who is her gynecologist, and that Dr. Wilson prescribed Wellbutrin. Plaintiff later supplemented that response stating that Dr. Wilson is an employee of Southeast Georgia Regional Medical Center Health System. In Plaintiff's second supplement to her interrogatory

4

responses, attached to her Response to the instant Motion, Plaintiff referred to her second supplemental response to Interrogatory number 7.

Plaintiff's response is still incomplete. Even if Dr. Wilson is the only doctor Plaintiff visited during that time, Plaintiff has not stated the purpose of any visit to Dr. Wilson nor has she stated the treatment received at any visit, if she received treatment other than the Wellbutrin prescription. The undersigned does not find Interrogatory number 8 to be overly broad or unduly burdensome. Plaintiff is required to fully respond to Interrogatory number 8 in accordance with Federal Rule of Civil Procedure 33. See FED. R. CIV. P. 33.

**V. Interrogatory number 14**

Interrogatory number 14 seeks the names of all employers from whom Plaintiff has sought or with whom Plaintiff has discussed employment opportunities from January 1, 2007, to the present. The interrogatory seeks the employing entity's name and address, dates on which Plaintiff sought or discussed employment opportunities, the name of the person with whom Plaintiff had contact, information about any offer of employment Plaintiff received, whether Plaintiff accepted or rejected any offer of employment, and the reason Plaintiff rejected any offers. Plaintiff initially provided some information sought in Interrogatory number 14 and later supplemented that response to state that she was not offered any jobs by the entities listed.

Plaintiff's response is still incomplete. Plaintiff is required to fully respond to Interrogatory number 14 in accordance with Federal Rule of Civil Procedure 33. See FED. R. CIV. P. 33.

AO 72A
(Rev. 8/82)

## VI. Interrogatory number 17

Interrogatory number 17 seeks information relating to the basis of Plaintiff's allegation that Defendant's actions were motivated by racial hostility, including specific incidents and witnesses to such incidents. Plaintiff initially provided some vague information regarding white employees who were granted transfers and black employees who were terminated and replaced by white employees. Plaintiff later supplemented that response stating that she believes Amy Lynn discriminated against her.

Plaintiff's response is still incomplete. Plaintiff provided no specific information as to particular incidents, nor did she provide the names of witnesses, if any, to particular incidents. Plaintiff is required to fully respond to Interrogatory number 17 in accordance with Federal Rule of Civil Procedure 33. See FED. R. CIV. P. 33.

## VII. Interrogatory number 18

Interrogatory number 18 seeks information relating to the basis of Plaintiff's allegation that Defendant had a general policy of discrimination against black employees and older employees, including specific incidents and witnesses to such incidents. Plaintiff initially objected asserting that the interrogatory is vague, indefinite, and contains multiple subparts and questions. Plaintiff later supplemented that response stating that she knows of other black employees who have been terminated by Southeast Georgia Regional Medical Center and listing 4 such employees.

Plaintiff's response is still incomplete. The undersigned does not find Interrogatory number 18 to be vague and indefinite, as Defendant clearly delineated the information sought. Additionally, that Interrogatory number 18 seeks information

AO 72A
(Rev. 8/82)

relating to multiple facets of alleged discrimination is not objectionable. Plaintiff is required to fully respond to Interrogatory number 18 in accordance with Federal Rule of Civil Procedure 33. See FED. R. CIV. P. 33.

**VIII. Interrogatory number 19**

Interrogatory number 19 seeks information relating to the basis of Plaintiff's allegation that Defendant allowed a hostile work environment to exist, including specific incidents and witnesses to such incidents. Plaintiff initially objected asserting that the interrogatory is vague, indefinite, and contains multiple subparts and questions. Plaintiff later supplemented that response stating that Amy Lynn made it impossible for Plaintiff to perform her job in a satisfactory way and that Plaintiff was not retrained when given new duties.

Plaintiff's response is still incomplete. The undersigned does not find Interrogatory number 18 to be vague and indefinite, as Defendant clearly delineated the information sought. Additionally, that Interrogatory number 19 seeks information relating to multiple facets of alleged discrimination is not objectionable. Plaintiff is required to fully respond to Interrogatory number 19 in accordance with Federal Rule of Civil Procedure 33. See FED. R. CIV. P. 33.

**IX. Interrogatory number 20**

Interrogatory number 20 seeks information relating to the basis of Plaintiff's allegation that Defendant engaged in a campaign of discrimination against Plaintiff, including specific incidents and witnesses to such incidents. Plaintiff initially objected asserting that the interrogatory is vague, indefinite, and contains multiple subparts and

AO 72A
(Rev. 8/82)

questions. Plaintiff later supplemented that response referring to the supplemental response for Interrogatory number 19.

Plaintiff's response is still incomplete. The undersigned does not find Interrogatory number 20 to be vague and indefinite, as Defendant clearly delineated the information sought. Additionally, that Interrogatory number 20 seeks information relating to multiple facets of alleged discrimination is not objectionable. Plaintiff is required to fully respond to Interrogatory number 20 in accordance with Federal Rule of Civil Procedure 33. See FED. R. CIV. P. 33.

**X. Interrogatory number 21**

Interrogatory number 21 seeks information relating to the basis of Plaintiff's allegation that Defendant engaged in intentional infliction of emotional distress, including specific incidents and witnesses to such incidents. Plaintiff initially objected asserting that the interrogatory is vague, indefinite, and contains multiple subparts and questions. Plaintiff later supplemented that response referring to the supplemental responses for Interrogatory numbers 19 and 20. Plaintiff also added that she made repeated efforts to get trained when she was given new job responsibilities and that she was refused such training.

Plaintiff's response is still incomplete. The undersigned does not find Interrogatory number 21 to be vague and indefinite, as Defendant clearly delineated the information sought. Additionally, that Interrogatory number 21 seeks information relating to multiple facets of alleged discrimination is not objectionable. Plaintiff is required to fully respond to Interrogatory number 21 in accordance with Federal Rule of Civil Procedure 33. See FED. R. CIV. P. 33.

## XI. Request for Production number 3

Request for Production number 3 seeks all documents showing Plaintiff's household income from January 1, 2010, to the present. Plaintiff initially objected asserting that the request does not seek relevant information nor is it reasonably calculated to lead to the discovery of relevant information; however, Plaintiff stated she would provide proof of her income from U.S. Accuscreen. Plaintiff later supplemented that response stating that she would produce proof of her earnings from Belk's and U.S. Accuscreen when she receives her W-2 forms. Defendant states that while Plaintiff's response might be applicable to Plaintiff's 2012 earnings, Plaintiff has not provided W-2 forms to show income for 2010 and 2011. Defendant also states that the request also encompasses tax returns, none of which have been produced.

Plaintiff's response is still incomplete, even if she produces the documents she said she would produce. The undersigned finds Request for Production number 3 to be, at minimum, reasonably calculated to lead to the discovery of admissible evidence. Plaintiff is required to fully respond to Request for Production number 3 in accordance with Federal Rule of Civil Procedure 34. See FED. R. CIV. P. 34.

## XII. Request for Production number 6

Request for Production number 6 seeks all documents supporting Plaintiff's allegation that Defendant's acts or omissions resulted in economic loss or damage to Plaintiff. Plaintiff initially objected asserting that the request is vague and indefinite; however, Plaintiff stated she would provide her records of employment with U.S. Accuscreen. Plaintiff later supplemented that response stating that she does not have a document showing her lost income, but that Defendant knows how much Plaintiff

earned and that she was not employed again until she got the job at U.S. Accuscreen. Defendant states that Plaintiff has not produced the documents she said she would produce.

Plaintiff's response is still incomplete, even if she produces the documents she said she would produce. Plaintiff stated that she was employed by Belks part-time, and she has not provided information relating to that employment and the mitigation of loss it provided. The undersigned does not find Request for Production number 6 to be vague and indefinite, as Defendant clearly delineated the information sought. Plaintiff is required to fully respond to Request for Production number 6 in accordance with Federal Rule of Civil Procedure 34. See FED. R. CIV. P. 34.

### XIII. Request for Production number 8

Request for Production number 8 seeks all medical records and related documents related to visits by Plaintiff to health and mental health providers from January 1, 2007, to the present. In the alternative, Plaintiff could have completed a Health Insurance Portability and Accountability Act waiver for each health care provider so that Defendant could gather the information. Plaintiff initially objected asserting that the request does not seek relevant information and that it is not limited to a reasonable period of time; however, Plaintiff stated that she would provide copies of records from Dr. Shirley Wilson that relate to Plaintiff's emotional distress which led to the prescription of Wellbutrin. Plaintiff later supplemented that response stating that she would attempt to secure records from Dr. Wilson that relate to her consultations with Dr. Wilson for emotional distress. Defendant states that Plaintiff has not produced the

AO 72A
(Rev. 8/82)

documents she said she would produce. Additionally, Defendant states that it is entitled to records relating to other health issues Plaintiff may have had.

Plaintiff's response is still incomplete, even if she produces the documents she said she would produce. In light of Plaintiff's emotional distress claim, Defendant is entitled to all medical records for the period requested so that it can determine if there was an alternate cause for Plaintiff's distress. The undersigned finds Request for Production number 8 to be, at minimum, reasonably calculated to lead to the discovery of admissible evidence. The time period delineated is also reasonable. Plaintiff is required to fully respond to Request for Production number 8 in accordance with Federal Rule of Civil Procedure 34, by providing copies of all such medical records in her possession or in the possession of her attorney. See FED. R. CIV. P. 34.

### XIV. Request for Production number 10

Request for Production number 10 seeks all documents and things not otherwise requested which Plaintiff may seek to introduce at trial or which relate to or support Plaintiff's causes of action. Plaintiff initially objected asserting that the request seeks documents which Plaintiff will use at trial and that such a request is outside the scope of discovery. Defendant states that the request also seeks any and all other documents and things relating to or supporting Plaintiff's causes of action.

The undersigned finds that Request for Production number 10 is not objectionable to the extent that it does not seek information that is privileged or subject to protection as trial-preparation material. Plaintiff is required to fully respond to Request for Production number 10 in accordance with Federal Rule of Civil Procedure 34. See FED. R. CIV. P. 34. For any document or thing Plaintiff claims is privileged or

subject to protection as trial-preparation material, Plaintiff must expressly make such a claim and describe the nature of the material in accordance with Federal Rule of Civil Procedure 26(b)(5)(A). See FED. R. CIV. P. 26(b)(5)(A).

## XVI. Conclusion

Defendant's Motion to Compel and Amended Motion to Compel are **GRANTED**. (Dkt. Nos. 12, 13). Plaintiff is instructed to comply with this Order as directed in the preceding sections of this Order within twenty (20) days of the date of this Order.

Defendant has requested at 60-day extension of the discovery period and a resulting adjustment of other deadlines. Defendant's request is **GRANTED**.

Defendant has also requested an award of expenses and attorneys' fees incurred in preparing its Motions to Compel. At the request of counsel for Defendant, the Court will schedule a hearing to address the appropriateness of an award of fees and expenses.

**SO ORDERED**, this 7th day of February, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE